United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 3, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-60759
Summary Calendar
_____

JEET SINGH,

   Petitioner,

        versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

   Respondent.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A70-007-358

_____

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

   Jeet Singh, a native and citizen of India, seeks review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reopen his deportation proceeding and rejecting his request for relief under the Convention Against Torture. For the following reasons, his petition for review is DENIED.

   Singh entered the United States on June 5, 1994, without inspection, and was apprehended by immigration officials soon

---

   [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

thereafter. On June 8, officials with the Immigration and Naturalization Service ("INS") served on Singh an Order to Show Cause ("OSC"). The OSC advised Singh that he was required by law to provide an address and telephone number where notices could be sent, that he would have a hearing before an immigration judge, and that he could be deported if he failed to appear at the hearing. Singh refused to provide a United States address. Singh's deportation hearing was held on July 13, 1994, but he did not appear. The immigration judge ("IJ") ordered Singh deported in absentia.

Four years later, Singh filed a motion to reopen his case and submitted a corresponding application for asylum. The IJ denied Singh's motion and concluded that Singh had received proper notice of the deportation hearing. Singh appealed this decision to the BIA, and he also filed a second motion to reopen his deportation proceedings with the BIA under the Convention Against Torture. The BIA rejected both of his arguments.

In his current petition, Singh first argues that the BIA erred in concluding that he received sufficient notice of his deportation hearing. He claims that he did not speak or understand English and thus did not understand the requirements set forth in the OSC.

In reviewing the BIA's denial of a motion to reopen, we apply "a highly deferential abuse of discretion standard."[1] We review

---

[1] *See Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000).

the BIA's factual findings to ensure that they are supported by substantial evidence. The BIA's conclusion must be "based upon the evidence presented and [must be] substantially reasonable."[2] We "may not reverse the BIA's factual conclusions unless the evidence was 'so compelling that no reasonable factfinder could conclude against it.'"[3]

We conclude from a review of the record that the BIA did not abuse its discretion in refusing to reopen Singh's case. There is ample evidence in the record indicating that Singh spoke and understood English when he received the OCR. Not only did Singh sign a certification indicating that he understood English, but he also provided immigration officials with detailed personal information, which they used to prepare a specialized immigration form.

Singh next argues that his case should be reopened because he received ineffective assistance by an immigration consultant, who prepared an asylum application for him shortly after the deportation order was issued. Singh claims that this ineffective assistance constitutes an exceptional circumstance sufficient to justify recission of the deportation order. His argument is without merit.

---

[2]*Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002).

[3]*Lopez De Jesus v. INS*, 312 F.3d 155, 158-59 (5th Cir. 2002) (*citing Chun v. INS*, 40 F.3d 76, 78 (5th Cir. 1994)).

A deportation order may be rescinded upon a motion to reopen if an alien demonstrates that his failure to appear at a deportation hearing was caused by exceptional circumstances.[4] Exceptional circumstances, however, are defined as "exceptional circumstances ... beyond the control of the alien," such as "serious illness of the alien or illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances."[5] Singh neither argues nor demonstrates that the alleged ineffective assistance of his immigration consultant was a circumstance beyond his control that caused him to fail to appear at his deportation hearing. In fact, the alleged ineffective assistance occurred two months after Singh failed to appear at the deportation hearing.

Moreover, Singh's argument is time-barred. As a general rule, motions to reopen based on exceptional circumstances must be filed within 180 days of entry of the deportation order.[6] Singh does not argue that his motion to reopen – filed four years after the original deportation order – was made within this time period, but instead requests that we equitably toll the running of this period until the date that he hired his current counsel. Singh never

---

[4] 8 U.S.C. § 1252b(f)(2) (repealed 1996); *see also id.* § 1229a(e)(1) (2003).

[5] *Id.*

[6] *See Id.* § 1252b(c)(3) (repealed 1996); *see also id.* § 1229a(b)(5)(C)(i) (2003).

4

states when he hired his attorney, however, and there is no evidence of this date in the record.

Singh's final argument is that the BIA erroneously concluded that his motion to reopen based on the Convention Against Torture ("CAT") was time-barred. This argument is without merit.

Under the regulations implementing the CAT, aliens who were ordered deported prior to March 22, 1999, may move to reopen the order if they file by June 21, 1999.[7] Since Singh's final deportation order was entered on July 13, 1994, he could have filed his motion under the CAT at any time up until June 21, 1999. He did not file his motion seeking protection under the CAT until July 6, 1999, well after the regulatory deadline.

Singh argues that we should equitably toll the regulatory deadline because he received inadequate notice of his deportation hearing and ineffective assistance by his immigration consultant. However, neither ground provides justification for tolling. As noted above, the record indicates that Singh did receive proper notice of his hearing. In addition, Singh retained his current attorney at least as early as November 1998, when he filed his initial motion to reopen based on alleged lack of notice. Singh does not explain why his current attorney could not file a motion under the CAT before the June 21, 1999, deadline. Thus, the BIA's conclusion that his CAT application was time-barred was a

---

[7]See 8 C.F.R. § 201.18(b)(2)(i).

5

reasonable interpretation of the regulations.[8]

    For the foregoing reasons, Singh's petition is DENIED.

---

[8]*Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001) ("[W]e will defer to the BIA's interpretation of immigration regulations if the interpretation is reasonable.").